IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-677-BO-BM

| | |
|---|---|
| MILLARD INDUSTRIES, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ATA GROUP d/b/a WISDOM ) | |
| PLAYGROUND, INC. and KIMBERLEY ) | |
| N. HAEMKER, individually, ) | |
| Defendants. ) | |

This cause comes before the Court on defendant's motion to dismiss and plaintiff's motion to amend. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing on the motions was held before the undersigned on June 11, 2025, at Raleigh, North Carolina. In this posture, the motions are ripe for ruling. For the reasons that follow, the motion to dismiss is granted and the motion to amend is denied.

## BACKGROUND

Plaintiff initiated this action by filing a complaint against ATA Group, d/b/a Wisdom Playground (Wisdom) alleging a single claim for breach of contract. [DE 1]. Plaintiff then filed an amended complaint, adding defendant Kimberley Haemker in her individual capacity as well as claims for tortious interference with contractual relations against both defendants and a claim for slander against defendant Haemker. [DE 5]. Both defendants then appeared and moved to dismiss some of the claims in the amended complaint. Haemker seeks to dismiss all claims against her for lack of personal jurisdiction, both defendants moved to dismiss the tortious interference claim for failure to state a claim, and Haemker moved to dismiss the slander claim for failure to state a claim.

Plaintiff responded to the motion to dismiss and moved for leave to file a second amended complaint. [DE 17]; [DE 15]. Plaintiff also voluntarily dismissed its third claim for relief for slander against Haemker. [DE 16]. In its motion to amend its complaint, plaintiff seeks to add claims against both defendants for tortious interference with prospective economic advantage, unfair and deceptive trade practices, and common law unfair competition. [DE 15-1]. Both defendants oppose plaintiff's motion to amend its amended complaint.

In its amended complaint, plaintiff alleges as follows. [DE 5] ¶¶ 10-16. In January 2022, Wisdom contracted with plaintiff to sell, deliver, and install Wisdom's recreation playground equipment to its commercial customers. Wisdom does not sell its playground equipment directly to end-users, and relies on distributors such as plaintiff to sell and service its products. Pursuant to the contract, Wisdom licensed certain intellectual property to plaintiff, indemnified plaintiff from any liability arising from defective products or installation, agreed that it would provide installation and sales leads, and agreed to sell its playground products to plaintiff at a forty-percent discount from the published prices. The contract had no fixed term but could be terminated on thirty days' notice. On September 26, 2022, Wisdom terminated the contract with plaintiff. *Id.* ¶ 23. Plaintiff alleges that Wisdom's termination of the contract was unjustified.

## DISCUSSION

Wisdom and Haemker seek to dismiss the claims against Haemker for lack of personal jurisdiction and to dismiss the tortious interference claim for failure to state a claim under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff seeks to amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the

2

plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). A court may consider affidavits attached to a motion when determining whether the plaintiff has made a *prima facie* showing of personal jurisdiction. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Combs*, 886 F.2d at 676.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted).

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend their pleading once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After this time period has expired, amendments under Rule 15(a)(2) are allowed only with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading

3

should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

The Court considers first whether to allow plaintiff to file a second amended complaint. At the outset, the Court notes that plaintiff has failed to comply with Local Civil Rule 15.1(a)(ii) when requesting to amend its complaint. Moreover, the Court determines that granting the motion to amend would be futile. As noted above, plaintiff seeks to add claims against both defendants for tortious interference with prospective economic advantage, unfair and deceptive trade practices, and common law unfair competition.

The elements of claim for tortious interference with prospective economic advantage under North Carolina law are "(1) a prospective contract with a third party existed, (2) the tortfeasor 'maliciously induced' the third party 'not to enter a contract which he would have entered into but for the interference,' and (3) the interference proximately caused damages." *Benjamin v. Sparks*, 173 F. Supp. 3d 272, 288 (E.D.N.C. 2016) (cleaned up). In support of this claim, plaintiff alleges that, upon information and belief, prospective contracts between plaintiff and third parties existed at the time Wisdom terminated the contract and that Wisdom terminated the contract in order to intentionally and maliciously interfere with plaintiff's prospective contracts and steal sales. Plaintiff further alleges that Haemker leveraged her position with Wisdom to intentionally interfere with plaintiff's prospective contracts and steal sales. Plaintiff's allegations in support of this claim are, at bottom, conclusory and speculative. Plaintiff's proposed second amended complaint is devoid of sufficient factual enhancement which would nudge this claim across the line from conceivable to plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4

The same is true for plaintiff's unfair and deceptive trade practice and common law unfair competition claims. *See Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 546 F. Supp. 3d 440, 455 (M.D.N.C. 2021) (listing elements and noting similarity of claims). These claims are devoid of any factual enhancement, and plaintiff merely recites the elements of the causes of action in its proposed second amended complaint. Thus, allowing plaintiff to file a second amended complaint would be futile.

The Court next considers the motion to dismiss. Defendants seek to dismiss plaintiff's claim for tortious interference with contract alleged in its amended complaint.[1] To succeed on a claim for tortious interference with contract, a plaintiff must ultimately demonstrate:

> (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff.

*Beck v. City of Durham*, 154 N.C. App. 221, 232 (2002). Plaintiff alleges that Wisdom terminated its contract with plaintiff in order to interfere with plaintiff's other sales contracts and to steal those sales. Plaintiff alleges that Wisdom caused plaintiff to default on its obligations to its customers so that Wisdom could steal those sales, and that both Wisdom and Haemker made statements and took other actions in order to interfere with plaintiff's sales contracts. Plaintiff alleges the same in its allegations in its proposed second amended complaint, though plaintiff further alleges that Wisdom's and Haemker's actions were done intentionally and maliciously and that Haemker made false statements to others in order to damage plaintiff's reputation and interfere with plaintiff's sales contracts.

---

[1] As noted above, plaintiff has voluntarily dismissed its slander claim.

Again, plaintiff's allegations are conclusory and fail to nudge this claim across the line from conceivable to plausible. In its amended complaint, plaintiff fails to allege any contract with a third party with specificity, nor does it put forward any allegations which would show that defendants' actions induced a third party not to perform under its contract with plaintiff. In its proposed second amended complaint, plaintiff fails to add sufficient factual allegations to nudge the claim across the line from conceivable to plausible. For example, plaintiff includes the identity of one of its customers with whom it had a contract, but adds no allegations which would support that due to the actions of defendants that customer failed to perform under its contract with plaintiff.

At bottom, and to the extent plaintiff's tort claims would not otherwise be barred by the economic loss rule, *see CDI Corp. v. HCL Am., Inc.*, No. 5:17-CV-550-D, 2019 U.S. Dist. LEXIS 36334, at *8-11 (E.D.N.C. Mar. 7, 2019), plaintiff has failed to plausibly allege a claim for tortious interference with contract in its amended complaint, and this claim is properly dismissed.[2] Plaintiff's allegations in the proposed second amended complaint are also conclusory and lack sufficient factual enhancement to support a tortious interference, unfair and deceptive trade practice, or unfair competition claim. Allowing plaintiff to amend its complaint would therefore be futile.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to amend [DE 15] is DENIED and defendants' motion to dismiss [DE 10] is GRANTED. Plaintiff's claim for tortious interference with contract is dismissed. The case will proceed only on plaintiff's claim for breach of contract alleged in its amended complaint.

---

[2] In light of the foregoing, the Court need not reach Haemker's argument that the Court lacks personal jurisdiction over her.

6

SO ORDERED, this 15 day of July 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE